21564. PERSONAL FINANCE COMPANY *v.* EVANS.

BELL, J. 1. In the present suit by a wife to recover damages for the alleged wrongful act of the defendant in procuring a levy to be made upon property claimed to be exempt as a homestead, allegations that the property had been "homesteaded," and that, although the plaintiff "demonstrated" to the defendant "the homestead exemption" at and before the levy, the defendant nevertheless ignored the same and caused the levy to proceed, and that in so doing the defendant acted "without any legal authority" and had "no right to appear and take" from the plaintiff's home the property described, were sufficient, as against a general demurrer, to imply a valid homestead of one of the kinds authorized by the laws of this State, although the exact character of the homestead may not appear, and were also sufficient, as a matter of pleading, to overcome the presumption of a due performance of duty on the part of the levying officer, as that he would not have made the levy except under such conditions, or for such a debt, as rendered the levy legal.

2. Upon the above questions the present case is controlled by the decision this day rendered in *Personal Finance Co.* v. *Evans* (21563), ante, 53. While the allegations in the instant case are less certain and definite than those made in that case, they were yet sufficient to withstand the general demurrer, under the principles there ruled.

3. The special demurrers have not been argued in this court, and are therefore considered as having been abandoned.

4. This was a suit by the wife, while case No. 21563 was an action by the husband, both being predicated upon the same alleged trespass. No

question is raised in either case as to whether both suits are maintainable. See, in this connection, Civil Code (1910), §§ 4331, 5522.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*